[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 248.]

THE STATE EX REL. GZK, INC., APPELLEE, *v*. OHIO BUREAU OF WORKERS'
COMPENSATION ET AL., APPELLANTS.

[Cite as *State ex rel. GZK, Inc. v. Ohio Bur. of Workers' Comp.*,
1996-Ohio-127.]

*Workers' compensation—Rate and premium jurisdiction—Former R.C. 4123.29,*
*applied.*

(No. 94-933—Submitted September 26, 1995—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD03-323.

————————————

{¶ 1} In 1990, GZK, Inc., appellee, applied to the Bureau of Workers'
Compensation for inclusion in a group insurance coverage for the 1991 rating year.
The bureau's actuarial section denied the request. On appeal, both the bureau's
group rating committee and adjudicating committee affirmed the denial.

{¶ 2} GZK filed a complaint in mandamus in the Court of Appeals for
Franklin County, naming the bureau as sole respondent and alleging an abuse of
discretion in denying group coverage. The court of appeals granted the following
relief:

"It is the judgment and order of this court that a writ of mandamus issue
against respondent Industrial Commission of Ohio ordering it to vacate its order
denying GZK Incorporated's application for group insurance coverage for the
rating year beginning July 1, 1991 and determine whether GZK Incorporated
qualifies for group insurance irrespective of GZK's participation in the part pay-
plan."

{¶ 3} This cause is now before this court upon an appeal as of right.

————————————

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellants.

_____

***Per Curiam.***

{¶ 4} The court of appeals ordered a writ of mandamus to issue against the *commission* compelling it to vacate the order denying GZK group rating inclusion. The commission, however, was never a party to this order. Former R.C. 4123.29 bestowed rate and premium jurisdiction on the bureau, not the commission. As such, the commission was *never* involved in this matter administratively and has issued no order amenable to vacation.

{¶ 5} The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____